[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14585
Non-Argument Calendar

_____

D. C. Docket No. 06-00130-CR-01-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO LEONEL TORRES-MALARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 21, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On May 18, 2006, appellant pled guilty to the crime of illegal reentry into

the United States after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On July 31, the district court sentenced appellant to prison for a term of seventy months. The sentence was at the low end of the Guidelines sentence range.[1] He now appeals his sentence, contending that his sentence is unreasonable because (1) the court should not have considered his arrest record in arriving at his criminal history category, and (2) it failed properly to consider the sentencing purposes set out in 18 U.S.C. § 3553(a). We are not persuaded and, accordingly, affirm.

Appellant's first point is meritless; the district court did not consider appellant's arrest record in determining his criminal history category. The court did refer to appellant's arrest record but only in commenting on the fact that "nothing seem[ed] to get [appellant's] attention." As for appellant's second point, the record indicates that the court fully considered several of the § 3553(a) sentencing purposes in fashioning the sentence, including: the nature of the offense; appellant's history and characteristics; the need for the sentence imposed; the kinds of sentences available; and the Guidelines sentence range. See 18 U.S.C. § 3553(a) (1)-(4); see United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir.

---

[1] The sentence range prescribed by the Guidelines for appellant's offense and appellant's criminal history category of V called for a sentence of imprisonment of between 70 to 87 months.

2005).  In addition, the court properly rejected appellant's argument that a lower sentence should be imposed based on the sentencing disparity created by the existence of fast-track programs in other federal judicial districts. See United States v. Arevalo-Juarez, 464 F.3d 1246, 1251 (11th Cir. 2006); § 3553(a)(6).

**AFFIRMED.**